NICK S. PUJJI (SBN 259571)
nick.pujji@dentons.com
KIMBERLY G.A. DENNIS (SBN 325390)
kimberly.dennis@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: 213 623 9300
Facsimile: 213 623 9924

Attorneys for Defendant
BISSELL INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ, individually and on behalf of all others similar situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BISSELL INC., a Michigan corporation d/b/a WWW.BISSELL.COM,<br><br>　　　　　Defendant. | Case No.<br><br>**NOTICE OF REMOVAL UNDER CAFA, 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446 AND 28 U.S.C. § 1453**<br><br>Los Angeles County Superior Court Case No. 23STCV12416<br>Filed: June 2, 2023 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD**:

　　　PLEASE TAKE NOTICE that pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446 and 28 U.S.C. § 1453, Defendant BISSELL INC., ("Bissell" or "Defendant") hereby files its Notice of Removal of the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. In support of its removal, Defendant respectfully offers the following:

## I. BACKGROUND

1. On June 2, 2023, Plaintiff Rebeka Rodriguez ("Plaintiff") filed civil action, on behalf of a putative California Class, captioned *Rebekah Rodriguez, individually and on behalf of all other similarly situated v. Bissell Inc., a Michigan corporation, d/b/a www.Bissell.com*, Case No. 23STCV12416 (the "State Court Action").

2. The sole named defendant in the State Court Action is Bissell Inc.

3. Plaintiff's Complaint alleges a single cause of action against Bissell for violation of the Video Protection Privacy Act ("VPPA"), 18 U.S.C. § 2710, *et seq.* (Complaint, ¶¶28-33.) The Complaint alleges that Bissell "tracks the videos that visitors watch on its website and reports each visitor's video-watching behavior to Google" in violation of the VPPA. (*Id.*, ¶¶ 18, 21.)

4. On June 8, 2023, a copy of the Summons, Complaint and associated papers were personally served on Bissell's registered agent for service of process. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Complaint and all process and pleadings in the state court action are submitted concurrently herewith.

5. Bissell is filing this Notice of Removal within thirty (30) days of the service of Plaintiff's Complaint on it in this action, and thus removal is timely under 28 U.S.C. section 1446.

6. The State Court Action is removable to this Court, and this Court has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332(d), 28 U.S.C. § 1446, and 28 U.S.C. § 1453, because the State Court Action satisfies all the requirements under CAFA for federal jurisdiction based upon Plaintiff's allegations and theories (which Bissell disputes, yet which control for removal purposes): (1) the parties are minimally diverse; (2) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; (3) the proposed class consists of more than 100 putative class members; and (4) the exceptions to CAFA preventing removal do not apply.

## II. THE STATE COURT ACTION IS REMOVABLE UNDER CAFA, 28 U.S.C. § 1332(d)

7. Plaintiff brings this case as a putative class action under the Video Protection Privacy Act ("VPPA"), 18 U.S.C. § 2710, *et seq.* (Complaint, ¶ 22.) In particular, Plaintiff filed this putative class action Complaint on behalf of:

> "All persons in the United States who played video content on the Website and whose PII was disclosed by Defendant to any third party during the two years preceding the filing of this action.

(*Id.*)

Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action."

8. CAFA expands federal jurisdiction over class actions and expressly provides that class actions filed in state court are removable to federal court where (a) any member of the putative class is a citizen of a State different from that of any defendant; (b) the aggregate amount in controversy for the putative class exceeds $5,000,000 exclusive of interest and costs; and (c) the putative class contains at least 100 members. 28 U.S.C. § 1332(d); *see Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007). This suit satisfies all the requirements under CAFA for federal jurisdiction.

### A. Burden on Removal

9. In removing an action to federal court under CAFA, a defendant is not required to submit evidence that the jurisdictional elements are satisfied. To the contrary, a "defendant's notice of removal need include only a plausible allegation" that the CAFA requirements are satisfied. *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81 (2014).

### B.     Minimal Diversity Exists

10.     CAFA requires minimal diversity – at least one putative class member must be a citizen of a state different than one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, named Plaintiff is a resident of California and Plaintiff "brings this class action individually and on behalf of all others similarly situated" played video content on Defendant's website, http://www.bissell.com, and whose PII was disclosed to a third-party. (Complaint, ¶¶ 4, 22.) "[A] person's place of residence… is prima facie proof of his domicile" for purposes of jurisdiction. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *see State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (same); *Gonzalez v. First NLC Fin. Serv.*, 2009 WL 2513670, at *2 (C.D. Cal. Aug. 12, 2009) (same).

11.     In fact, the putative class contains at least one putative class member who is expressly identified as a citizen of the State of California, namely, Plaintiff Rebekah Rodriguez. (Complaint, ¶ 4); *see Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013) ("under CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations…"); *see also Hollinger*, 654 F.3d at 571 (residence is "prima facie proof" of domicile).

12.     For the purposes of CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, Bissell alleges that it is a corporation organized under the laws of the State of Michigan. (*See also* Complaint, ¶ 5 (alleging that Bissell is a "flooring products company based in Michigan").)

13.     The phrase "principal place of business" refers to the place where a company's "high level officers direct, control, and coordinate" operations, and will "typically be found" at a company's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 175 L.Ed.2d 1029, 130 S.Ct. 1181 (2010).

14.     Here, Bissell's officers direct, control, and coordinate Bissell's activities from its headquarters in Grand Rapids, Michigan. Thus, Bissell's principal place of business is in the State of Michigan. Because Bissell is a citizen of Michigan, and because the named Plaintiff is a citizen of California, minimal diversity exists.

### C.    The Putative Class Exceeds 100 Members

15.     CAFA requires that the class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). This requirement is met here. Plaintiff alleges she "does not know the exact number of members of the aforementioned Class. However, given the popularity with Defendant's website, the number of persons within the Class is **believed to be so numerous** that joinder of all members is impractical." (*See* Complaint, ¶ 23 (emphasis added).)

### D.    The CAFA Amount-in-Controversy Requirement Is Satisfied

16.     CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). In a Notice of Removal, a defendant need only allege that it is more likely than not that the amount in controversy exceeds $5,000,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Moreover, the ultimate inquiry depends on what amount is "put in controversy" by the plaintiff – not what a defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). In considering whether the amount in controversy is met in actions seeking statutory penalties, courts may consider the statutory maximum penalty available under the claims asserted. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Morey v. Louis Vuitton N. Am., Inc.*, 461 Fed. Appx. 642, 643

(9th Cir. 2011) (CAFA amount-in-controversy satisfied where "complaint sought [statutory] penalties of 'up to… $1,000 per violation'").

17. Here, based upon Plaintiff's allegations and theories (which Bissell disputes, but which control for removal purposes), the $5,000,000 amount in controversy requirement is satisfied. Plaintiff's prayer for relief seeks for Plaintiff and each member of the putative class, statutory damages for violations of the VPPA and punitive damages.

18. The Complaint does not quantify the number of alleged violations at issue, or otherwise quantify the amount of damages sought. (*See* Complaint, ¶ 33 (alleging only that the putative class is entitled to "statutory damages in the amount of $2,500 per violation, punitive damages, and recovery of attorneys' fees").) The Complaint alleges Plaintiff "does not know the exact number" but "believe[s] to be so numerous… that joinder is impractical" (*See* Complaint, ¶ 23.) Plaintiff's complaint seeks to include a nationwide class of all visitors to Bissell's website for the two years prior to the filing of the Complaint. (*See* Complaint, ¶ 22.) Even 2,000 visitors during this time frame would exceed the $5,000,000 minimum to satisfy CAFA's amount-in-controversy requirement (*i.e.*, $2,500 in statutory damages per violation multiplied by 2,000 putative class members alone equals $5,000,000).

19. The exceptions to CAFA preventing removal do not apply here.

**IV.  REMOVAL TO THE CENTRAL DISTRICT IS PROPER**

20. This Notice of Removal is filed within thirty days of June 8, 2023, when Bissell was served with the Summons and Complaint in the State Court Action. Thus, this Notice of Removal is timely filed in accordance with 18 U.S.C. § 1446(b).

21. The United District Court for the Central District of California embraces the county and court in which the Plaintiff filed this case. 28 U.S.C. § 84(c). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1446(a).

22.     Pursuant to 28 U.S.C. § 1446(a), Bissell has attached as Exhibit A, a copy of all process, pleadings and orders served upon it in the State Court Action.

23.     Bissell will promptly serve Plaintiff with this Notice of Removal, and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of Los Angeles, as required by 28 U.S.C. § 1446(d).

Dated: July 7, 2023

Respectfully submitted,

DENTONS US LLP

By: */s/ Kimberly G.A. Dennis*
    Nick S. Pujji
    Kimberly G.A. Dennis

Attorneys for Defendant
BISSELL INC.